PROB 12C
(6/16)

Report Date: March 4, 2022

# United States District Court

### for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2022

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Jerry Lee Everett, III | Case Number: 0980 2:16CR00151-TOR-1 |
| Address of Offender: | Spokane, Washington 99208 |

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, United States District Judge

Date of Original Sentence: February 20, 2018

| | | |
|---|---|---|
| Original Offense: | Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) | |
| Original Sentence: | Prison - 66 Months; TSR - 60 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Patrick J. Cashman | Date Supervision Commenced: October 5, 2021 |
| Defense Attorney: | Payton B. Martinez | Date Supervision Expires: October 4, 2026 |

## PETITIONING THE COURT

To **issue a WARRANT** and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 01/24/2022, 02/10/2022, and 02/17/2022.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 5 | **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision. |

**Supporting Evidence**: Mr. Everett is alleged to have violated standard condition number 13 by failing to report as directed on February 24, and March 2, 2022, failing to contact the undersigned officer as directed on February 24 and 25, 2022, and failing to allow the undersigned officer to conduct virtual employment and home contact with him as directed on February 28, and March 3, 2022, respectively.

On October 8, 2021, Mr. Jerry Lee Everett, III, signed his conditions relative to case number 2:16CR00151-TOR-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Everett was made aware by his U.S. probation officer that he was required to follow all directives given as they related to his conditions of supervised release.

Specifically, on February 23, 2022, the undersigned officer conducted unscheduled employment contact with the client at his father's residence and place of employment where they work together. Mr. Everett's father indicated that his son had not worked on the day in question, although indicated they had worked together the previous day. Mr. Everett was

contacted telephonically following the contact and directed to report to the U.S. Probation Office the following day, February 24, 2022, at 11 a.m., for urinalysis testing among other reasons. Mr. Everett committed to reporting.

On February 24, 2022, at 11:34 a.m., the undersigned officer left a voice mail, and sent a text message to the client expressing concern that he had not reported as directed. At 1:15 p.m., the client responded using text messaging indicating that he had experienced a family emergency and requested to be able to report the next day. Mr. Everett was directed to contact this officer later that date once the emergency had resolved for further reporting instructions. Mr. Everett subsequently failed to contact this officer on the day in question, despite several more attempts to contact the client using text messaging. A phone call was also attempted to the client, but an automated message was received indicating that the client's voice mail box was full and could not accept new messages.

On February 25, 2022, a call was attempted to Mr. Everett following which this officer received a text message from the client indicating he was in class, referring to his assigned chemical dependency class. Mr. Everett was directed through text messaging to contact this officer as soon as he was done. Mr. Everett failed to do so and was subsequently sent several additional text messages directing him to contact this officer telephonically and to also report to the contract provider for urinalysis testing. At 2:28 p.m., Mr. Everett responded via text messaging advising that he would report for urinalysis testing as directed. Mr. Everett was again advised that he was still required to contact this officer telephonically on the day in question. Mr. Everett subsequently failed to contact this officer as directed.

On February 28, 2022, the undersigned officer learned that the client had submitted a presumptive positive urinalysis test for methamphetamine with the contract provider on February 25, 2022. Mr. Everett was subsequently contacted telephonically by the undersigned officer, at which time he denied use. Mr. Everett further indicated he had not contacted this officer as previously directed due to his ongoing family emergency, in which his child's mother's father had experienced a sudden decline in health. Mr. Everett indicated scheduled employment later that afternoon and was directed to contact the undersigned officer on the day in question virtually, and by video, to allow for this officer to conduct virtual employment contact with him, which he committed to. Mr. Everett again failed to contact this officer as directed, and additionally failed to respond to an additional text message and voicemail sent to and left for the client, respectively, by the undersigned officer.

On March 1, 2022, the undersigned officer attempted to contact the client telephonically in which, an automated message was received indicating that his voice mail box was full. A text message was sent to the client directing him to report on the day in question prior to 2 p.m. Mr. Everett responded indicating that he was working all day at the auto auction and advised the soonest that he could report would be tomorrow (March 2, 2022) following group. Mr. Everett was directed to report on March 2, 2022, before 1 p.m., and was also advised that his continued de-prioritization of supervised release would not help him to accomplish his goals.

On March 2, 2022, at 1:07 p.m., the undersigned officer received a call from the client's father who indicated that the client had tested positive for COVID-19. The client's father was directed to have the client contact this officer. Approximately 20 minutes later, the client contacted this officer and reaffirmed the same. Mr. Everett did subsequently provide COVID-19 testing results dated March 2, 2022, appearing to substantiate a positive COVID-19 diagnosis.

Prob12C
Re: Everett III, Jerry Lee
March 4, 2022
Page 3

On March 3, 2022, at 3:06 p.m., the undersigned officer attempted to contact the client telephonically at which time an automated message indicated that the client's voice mail box was full and could not accept new messages. Mr. Everett was subsequently sent a text message directing him to contact the undersigned officer to allow for virtual home contact. Mr. Everett has since failed to respond to the request.

Given the client's conduct as outlined, the undersigned officer is at this time unsure of how to further assist Mr. Everett or effectively monitor his level of compliance while in the community as required by the Court.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court **issue a WARRANT**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 4, 2022

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

Thomas O. Rice
United States District Judge

March 4, 2022
Date