PROB 12C
(6/16)

Report Date: April 1, 2022

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2022

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jerry Lee Everett, III                Case Number: 0980 2:16CR00151-TOR-1

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, United States District Judge

Date of Original Sentence: February 20, 2018

Original Offense:   Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)

Original Sentence:   Prison - 66 Months          Type of Supervision: Supervised Release
                     TSR - 60 Months

Asst. U.S. Attorney:   Patrick J. Cashman         Date Supervision Commenced: October 5, 2021

Defense Attorney:      Payton B. Martinez         Date Supervision Expires: October 4, 2026

## PETITIONING THE COURT

To **issue a WARRANT** and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 01/24/2022, 02/10/2022, 02/17/2022, and 03/04/2022.

On October 8, 2021, Mr. Jerry Lee Everett, III, signed his conditions relative to case number 2:16CR00151-TOR-1, indicating he understood all conditions as ordered by the Court. In addition, on March 23, 2022, Mr. Jerry Everett, III, appeared before Your Honor for the purpose of revocation at which time the client experienced his conditions modified to include both location monitoring and home detention. On March 24, 2022, the client signed this Court order indicating his understanding of all newly imposed conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |

**Supporting Evidence**: Mr. Jerry Everett, III, is alleged to have violated mandatory condition number 3 by ingesting fentanyl on multiple occasions based on urinalysis testing and the client's admission of such use, having occurred on March 11 and 28, 2022, before his recent placement in the Spokane County Jail, and again most recently on March 30, 2022.

Specifically, on March 28, 2022, the undersigned officer received a call from the client's assigned chemical dependency counselor who advised that the client had previously disclosed in group that he had relapsed prior to his most recent arrest as occurring on March

Prob12C
Re: Everett, III, Jerry Lee
April 1, 2022
Page 2

11, 2022. Mr. Jerry Everett was subsequently contacted and directed to report to the U.S. Probation Office in Spokane. Mr. Everett subsequently reported as directed, and ultimately submitted a urinalysis sample that reflected as being presumptive positive for both methamphetamine and fentanyl. Mr. Everett adamantly denied that he had ingested either substance as indicated by the test. This sample was subsequently forwarded to the lab for verification. Furthermore, Mr. Everett denied having relapsed prior to his recent arrest, indicating that this officer could not trust what he says in group as he often simply states what he thinks the counselor wants to hear or speaks without thought as he becomes nervous and anxious.

On March 31, 2022, the client's lab report was received by the undersigned officer, confirming the client's previous submitted urinalysis sample as being confirmed positive for fentanyl. Mr. Everett was contacted on the day in question at which time he admitted to having ingested the substance prior to testing, indicating he could not remember the exact date, but he had attempted to self-medicate and he ingested the substance in part because he did not expect testing for that substance.

Mr. Everett was directed to report to the U.S. Probation Office on April 1, 2022, at 1:30 p.m., to which he committed. On April 1, 2022, Mr. Everett reported at approximately 2:30 p.m., and ultimately attempted to circumvent urinalysis testing by trying to use a device with the intent of providing urine from the device into the testing cup. This action was observed by the undersigned officer and Mr. Everett was confronted, at which time he provided the device to this officer and admitted to ingesting Fentanyl on a daily basis prior to his arrest, as having previously occurred on March 11, 2022, and as again occurring on a daily basis beginning several days after his recent Court ordered release as occurring on March 24, 2022. Mr. Everett indicated his last use of the substance occurred on or about Wednesday March 30, 2022.

| 7 | **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Mr. Jerry Everett is alleged to have violated special condition number 6 by attempting to defeat the urinalysis testing process when directed to submit to urinalysis testing by the undersigned officer on April 1, 2022.

Specifically, on March 31, 2022, Mr. Everett was contacted and directed to report to the U.S. Probation Office by the undersigned officer for a number of reasons, to include urinalysis testing. On April 1, 2022, at approximately 2:30 p.m., Mr. Everett reported as requested and indicated that he could submit to urinalysis testing. Upon administering the test, the undersigned officer observed urine to be dripping into the cup from an area other than the client. When questioned, the client provided a clear plastic tube, which remained half full of an unknown colored liquid, to the undersigned officer.

Mr. Everett apologized for attempting to defeat the urinalysis testing process and indicated that it was difficult for him to submit to urinalysis testing due to his current prescription for Suboxone.

Prob12C
Re: Everett, III, Jerry Lee
April 1, 2022
Page 3

| | | |
|---|---|---|
| 8 | | **Special Condition #7**: You will be monitored by a form of location monitoring technology as directed by the probation officer for a period of 60 days, and you must follow the rules and regulations of the location monitoring program. You must pay the costs of the program. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre approved by the officer (Home Detention). |

**Supporting Evidence**: Mr. Jerry Everett is alleged to have violated special condition number 7 by departing his residence without prior officer approval as previously occurring on March 26 and 31, 2022.

Specifically, on March 26, 2022, the undersigned officer received notification from the contract location monitoring call center that the client had departed his residence at 9:42 a.m. Mr. Everett had not been approved to depart his residence on the day in question until 10 a.m. It should be noted, Mr. Everett had previously been advised by the undersigned officer on a number of occasions as to his requirement to abide by the times set and agreed upon by these parties due to the current Court ordered condition requiring home detention, which the client had indicated his understanding.

On March 26, 2022, Mr. Everett was contacted and he apologized, indicating that he had confused what time he was approved to leave. Mr. Everett assured this officer that similar conduct would not be replicated.

On March 31, 2022, the undersigned officer again received notification from the contract location monitoring call center indicating that the client had this time departed his residence on the day in question at 9:15 a.m. Mr. Everett had not been approved to depart his residence until 9:30 a.m. Mr. Everett was again contacted at which time the client again apologized, indicating that he had again confused his approved leave time.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court **issue a WARRANT**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  April 1, 2022

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

Prob12C
Re: Everett, III, Jerry Lee
April 1, 2022
Page 4

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[X]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

_____
Thomas O. Rice
United States District Judge

April 1, 2022
Date